IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PCH MUT. INS. CO., INC.,                              *

      Plaintiff/Counter-Defendant,          *

v.                                                   *     Civil Action No. 2008 - 000282 CKK
                                                           [Judge Colleen Kollar-Kotelly]

CASUALTY & SURETY, INC.,                             *

      Defendant/Counter-Plaintiff.          *

   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## ANSWER AND COUNTERCLAIM

COMES NOW Defendant/Counter-Plaintiff Casualty & Surety, Inc., and without waiving

its right to compel arbitration, answers Plaintiff's Complaint.  Defendant/Counter-Plaintiff files

this answer in compliance with Rule 81(c) of the Federal Rules of Civil Procedure, which

requires the filing of an answer within 5 days after the filing of the petition for removal.

Defendant/Counter-Plaintiff additionally counterclaims against PCH Mutual Insurance Company,

Inc. as set forth below.

## SPECIFIC RESPONSES

1.      Defendant is without sufficient information to either admit or deny this allegation

and therefore denies the same and demands strict proof thereof.

2.      Defendant denies these allegations and demands strict proof thereof.

3.      Admitted.

4.      Admitted.

5.      Defendant is without sufficient information to either admit or deny these

allegations regarding PCH's business operations and therefore denies the same and demands

strict proof thereof.

6.      Admitted.

7.      Admitted.

8.      Defendant admits that the Administrative Services Agreement defines the relationship, rights, and responsibilities between Defendant and Plaintiff, except that CSI is not responsible for underwriting.  To the extent further response is required, Defendant denies the allegations and demands strict proof thereof.

9.      Defendant is without sufficient information to either admit or deny this allegation and therefore denies the same and demands strict proof thereof.

10.      Defendant admits that, under Paragraph 8(a) of the Agreement, CSI was to remit "to Group net insurance premiums and 100% of capital contributions."  Defendant is without sufficient information to either admit or deny the other allegations in this paragraph and therefore denies the same and demands strict proof thereof.

11.      Defendant admits to placing the funds in interest bearing accounts and retaining the interest.  Defendant denies these actions were taken without the knowledge and consent of PCH.  To the extent further response is required, Defendant denies the allegations and demands strict proof thereof.

12.      Defendant is without sufficient information to either admit or deny this allegation and therefore denies the same and demands strict proof thereof.

13.      Admitted.

14.      Defendant is without sufficient information to either admit or deny this allegation and therefore denies the same and demands strict proof thereof.

15.     Defendant admits a true and accurate copy of the Underwriting Guidelines is attached to the Complaint as Exhibit B.  To the extent further response is required, Defendant denies these allegations and demands strict proof thereof.

16.     Defendant denies these allegations and demands strict proof thereof.

17.     Defendant denies these allegations and demands strict proof thereof.

18.     Defendant denies these allegations and demands strict proof thereof.

19.     Defendant denies these allegations and demands strict proof thereof.

20.     Defendant denies any and all allegations that said letter contains a determination or conclusion that CSI is required to have or maintain any specific license.  To the extent further response is required, Defendant is without sufficient information to either admit or deny this allegation and therefore denies the same and demands strict proof thereof.

21.     Defendant admits it received a letter from PCH that was dated January 22, 2008. To the extent this paragraph contains any allegation that PCH's termination was justified, for cause, or consistent with the Agreement, Defendant denies these allegations and demands strict proof thereof.

## COUNT I (Breach of Contract-Policy Issuance)

22.     Defendant re-alleges and incorporates by reference its responses to paragraphs one through twenty-one as if the same were fully set forth herein.  To the extent further response is required, Defendant denies the allegations and demands strict proof thereof.

23.     Defendant denies these allegations and demands strict proof thereof.

24.     Defendant denies these allegations and demands strict proof thereof.

25.     Defendant denies these allegations and demands strict proof thereof.

## COUNT II (Breach of Contract-Managing General Agent License)

26.    Defendant re-alleges and incorporates by reference its responses to paragraphs one through twenty-five as if the same were fully set forth herein.  To the extent further response is required, Defendant denies the allegations and demands strict proof thereof.

27.    Defendant denies these allegations and demands strict proof thereof.

28.    Defendant admits that the Administrative Services Agreement defines the relationship, rights, and responsibilities between Defendant and Plaintiff, except that CSI is not responsible for underwriting.  To the extent further response is required, Defendant denies the allegations and demands strict proof thereof.

29.    Defendant denies these allegations and demands strict proof thereof.

30.    Defendant denies these allegations and demands strict proof thereof.

## COUNT III (Breach of Fiduciary Duty)

31.    Defendant re-alleges and incorporates by reference its responses to paragraphs one through thirty as if the same were fully set forth herein.  To the extent further response is required, Defendant denies the allegations and demands strict proof thereof.

32.    Defendant denies these allegations and demands strict proof thereof.

33.    Defendant denies these allegations and demands strict proof thereof.

34.    Defendant denies these allegations and demands strict proof thereof.

35.    Defendant denies these allegations and demands strict proof thereof.

## COUNT IV (Unjust Enrichment, Equitable Relief)

36.    Defendant re-alleges and incorporates by reference its responses to paragraphs one through thirty-five as if the same were fully set forth herein.

37.    Defendant denies these allegations and demands strict proof thereof.

38.    Defendant denies these allegations and demands strict proof thereof.

39.    Defendant denies these allegations and demands strict proof thereof.

Defendant denies Plaintiff is entitled to the relief sought in its *ad damnum* clause.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred because the parties expressly agreed to arbitrate all disputes arising under the Administrative Services Agreement.[1]  Neither the filing of this Answer nor the counterclaim shall be construed as substantially invoking the litigation process so as to waive Defendant's right to compel arbitration.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Defendant denies the material allegations of the Complaint and demands strict proof thereof.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant at all times acted in good faith.

### FIFTH DEFENSE

Defendant asserts that Plaintiff's claims are barred by the doctrines of accord and

---

[1]  On February 21, 2008, in accordance with 9 U.S.C § 4, CSI served upon PCH notice that it intends to petition the District Court for an Order Compelling Arbitration.  If PCH fails to consent to this request as required by the Agreement, CSI intends to file such petition.

satisfaction, duress, failure of consideration, fraud, illegality, laches, license, payment, *res judicata* and/or release.

## SIXTH DEFENSE

Defendant pleads the merger doctrine.

## SEVENTH DEFENSE

Defendant pleads that Plaintiff is not entitled to present parol evidence in the above styled cause.

## EIGHTH DEFENSE

Defendant pleads that Plaintiff has unclean hands.

## NINTH DEFENSE

Defendant pleads that Plaintiff is estopped from the relief requested in the Complaint and is estopped from asserting the factual allegations contained in the Complaint.

## TENTH DEFENSE

Defendant asserts that Plaintiff's claims are barred by the doctrine of estoppel, collateral estoppel, equitable estoppel, promissory estoppel, and/or judicial estoppel.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by reason of Plaintiff's consent and waiver.

## TWELFTH DEFENSE

Plaintiff's claims are barred by the statute of frauds.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## FOURTEENTH DEFENSE

Defendant denies it has committed any conduct that entitles plaintiff to recover punitive damages.

## FIFTEENTH DEFENSE

Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiff.

## SIXTEENTH DEFENSE

An award of punitive or exemplary damages against Defendant would violate certain provisions of the Constitution of the United States, including, but not limited to, the following: Article I, Section 8 of the United States Constitution and the Fourth, Fifth, Sixth and Fourteenth Amendments to that Constitution.

## SEVENTEENTH DEFENSE

Defendant denies that it has been guilty of or committed any conduct which entitles Plaintiff to recover punitive damages.

## EIGHTEENTH DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States, the Constitution of the State of California, the Constitution and laws of the District of Columbia, and the Constitution and laws of the State of Alabama.

## NINETEENTH DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive

damages are vague and are not rationally related to legitimate government interests.

## TWENTIETH DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of Article I, Section 7 of the Constitution of the State of California, which provides that no person shall be deprived of life, liberty, or property without due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## TWENTY-FIRST DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards afforded to criminal defendants.

## TWENTY-SECOND DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against the Defendant punitive damages, which are penal in nature, yet compel the Defendant to disclose potentially incriminating documents and evidence.

## TWENTY-THIRD DEFENSE

It is violative of the self-incrimination clause of Article I, Section 7 of the Constitution of the State of California to impose against the Defendant punitive damages, which are penal in nature, yet compel the Defendant to disclose potentially incriminating documents and evidence.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and

Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the
Fourteenth Amendment of the United States Constitution to impose punitive
damages, which are penal in nature, against a civil defendant upon the plaintiffs
satisfying a burden of proof which is less than the "beyond a reasonable doubt"
burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to
provide a reasonable limit on the amount of the award against defendant, which
thereby violates the Due Process Clause of the Fourteenth Amendment of the
United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to
provide specific standards for the amount of the award of punitive damages which
thereby violates the Due Process Clause of the Fourteenth Amendment of the
United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded result in
the imposition of different penalties for the same or similar acts and, thus, violate
the Equal Protection Clause of the Fourteenth Amendment of the United States
Constitution; and

(e)     The procedures pursuant to which punitive damages are awarded permit
the imposition of punitive damages in excess of the maximum criminal fine for
the same or similar conduct, which thereby infringes upon defendant's rights
under the Due Process Clause of the Fifth and Fourteenth Amendments and the
Equal Protection Clause of the Fourteenth Amendment of the United States
Constitution.

## TWENTY-FIFTH DEFENSE

Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section

7 of the Constitution of the State of California, on the following grounds:

(a)     It is a violation of the Due Process Clause to impose punitive damages,
which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a
burden of proof less than the "beyond a reasonable doubt" burden of proof
required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to

provide a limit on the amount of the award against this defendant;

(c)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e)    The award of the punitive damages in this case would constitute a deprivation of property without due process of law.

### TWENTY-SIXTH DEFENSE

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-SEVENTH DEFENSE

Defendant avers that under the facts of this case, any actions for which it is charged are not sufficiently reprehensible to justify significant sanctions in addition to compensatory damages.

### TWENTY-EIGHTH DEFENSE

Defendant avers that § 3294 of the California Civil Code is unconstitutional in that this statutory provision provides no standards to distinguish between the degree of conduct warranting the imposition of small punitive damage awards versus conduct warranting the imposition of larger punitive damage awards.  *BMW v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), 1996 WL 262429 (May 20, 1996).

### TWENTY-NINTH DEFENSE

Defendant avers that the lack of standards under California law for the award of punitive damages violates the United States Constitution because under California law no guidance is

provided to a jury to determine what constitutes a reasonable relationship between the harm suffered and the amount of punitive damages which may be awarded. Moreover, California law fails to provide any legal standards to safeguard an individual's or entity's constitutional rights and to prevent the unjust or arbitrary imposition of punitive damages by reasonably and rationally constraining the unlimited, unbridled discretion of the jury to consider and award punitive damages. *BMW v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) 1996 WL 262429 (May 20, 1996).

### THIRTIETH  DEFENSE

Defendant avers that the imposition of punitive damages under current California law violates the United States Constitution and the Constitution of the State of California because there are no legislative enactments or common law limitations to provide constraining legal standards to guide juries in their deliberations with regard to the award of punitive damages.

### THIRTY-FIRST DEFENSE

Defendant affirmatively pleads the protections afforded it pursuant to § 3359 of the California Civil Code.

### THIRTY-SECOND DEFENSE

Defendant affirmatively pleads the protections afforded it pursuant to § 3295 of the California Civil Code.

### THIRTY-THIRD DEFENSE

Defendant avers that the complaint fails to state a claim for punitive damages under § 3294 of the California Civil Code and is barred.

### THIRTY-FOURTH DEFENSE

The claims of Plaintiff for punitive damages against this Defendant cannot be upheld to the extent such is in violation of or contrary to any law passed by the United States Congress, the Alabama Legislature, or the California Legislature limiting awards of punitive damages or the amount of such damages.

### THIRTY-FIFTH DEFENSE

Plaintiff's claim for punitive damages is barred because an award of punitive damages under California law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article 1, § 9 of the United States Constitution.

### THIRTY-SIXTH DEFENSE

Defendant avers that the complaint fails to state a claim for punitive damages under District of Columbia law and is barred. Plaintiff has neither plead that a tort was committed, nor that Defendant was aggravated by egregious conduct and a state of mind that justifies punitive damages. Tolson v. District of Columbia, 860 A.2d 336, 345 (D.C. 2004). Plaintiff is not entitled to recover punitive damages because there are no allegations of outrageous or egregious wrongdoing where the Defendant has acted with evil motive, actual malice, or in willful disregard for the rights of the Plaintiff. Bragdon v. 2512 Associates Ltd. Partnership, 856 A.2d 1165, 1173 (D.C. 2004).

### THIRTY-SEVENTH DEFENSE

Defendant avers that any award of punitive damages to Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## THIRTY-EIGHTH DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against the Defendant punitive damages, which are penal in nature, yet compel the Defendant to disclose potentially incriminating documents and evidence.

## THIRTY-NINTH DEFENSE

Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

(a)    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e)    The award of the punitive damages in this case would constitute a deprivation of property without due process of law.

## FORTIETH DEFENSE

Defendant avers that § 6-11-20(a), *Ala. Code* is unconstitutional in that this statutory provision provides no standards to distinguish between the degree of conduct warranting the imposition of small punitive damage awards versus conduct warranting the imposition of larger

punitive damage awards. *BMW v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996)

1996 WL 262429 (May 20, 1996).

<h3 align="center">FORTY-FIRST DEFENSE</h3>

Defendant avers that the lack of standards under Alabama law for the award of punitive

damages violates the United States Constitution because under Alabama law no guidance is

provided to a jury to determine what constitutes a reasonable relationship between the harm

suffered and the amount of punitive damages which may be awarded.  Moreover, Alabama law

fails to provide any legal standards to safeguard an individual's or entity's constitutional rights

and to prevent the unjust or arbitrary imposition of punitive damages by reasonably and rationally

constraining the unlimited, unbridled discretion of the jury to consider and award punitive

damages.  *BMW v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) 1996 WL

262429 (May 20, 1996).

<h3 align="center">FORTY-SECOND DEFENSE</h3>

Defendant avers that the imposition of punitive damages under current Alabama law

violates the United States Constitution and the Constitution of the State of Alabama because

there are no legislative enactments or common law limitations to provide constraining legal

standards to guide juries in their deliberations with regard to the award of punitive damages.

<h3 align="center">FORTY-THIRD DEFENSE</h3>

Defendant affirmatively pleads the protections afforded it pursuant to §6-11-21, *Ala.

Code*.

<h3 align="center">FORTY-FOURTH DEFENSE</h3>

Defendant avers that the complaint fails to state a claim for punitive damages under

§§ 6-11-20 to 6-11-30, *Ala. Code* and is barred.  Furthermore, Defendant avers that any award of punitive damages against this defendant in excess of the caps originally set forth in § 6-11-21, *Ala. Code*, and/or as now amended, is barred.

## FORTY-FIFTH DEFENSE

Plaintiffs' claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article 1, § 9 of the United States Constitution.

## FORTY-SIXTH DEFENSE

Plaintiff is not entitled to recover punitive damages pursuant to § 6-11-20, *Ala. Code*.

## COUNTERCLAIM

COMES NOW Defendant/Counter- Plaintiff Casualty & Surety, Inc.  (hereinafter "CSI"), and without waiving its right to compel arbitration, makes the following counterclaim against the Plaintiff/Counter-Defendant, PCH Mutual Insurance Company, Inc. (hereinafter "PCH"):

## FACTS

1.     CSI and PCH entered into an Administrative Services Agreement ("Agreement") on March 31, 2004.  (See Ex. A to Plaintiff's Complaint).

2.     The Agreement, by its terms, expires on March 31, 2014.

3.     The Agreement provides for termination by mutual consent and termination for cause.

## COUNT I - BREACH OF CONTRACT

4.     CSI re-alleges and incorporates by reference the information contained in paragraphs one through four, above, as if the same were fully set forth herein.

5.      Before March 31, 2014, PCH breached the Agreement by terminating the Agreement without mutual consent, without following the Agreement's procedures regarding termination for cause, and without having a valid cause for which the Agreement could be terminated.

6.      The actions taken by PCH constitute bad faith and breach of contract.

7.      As a result of PCH's breach of the Agreement, CSI has and will continue to incur the following damages, the total of which exceeds $75,000:

      A.      CSI has and will continue to suffer the loss of benefits owed to CSI under the Agreement;

      B.      CSI has and will continue to suffer loss of income, including but not limited to past, present, and future commissions and other income to which CSI would be entitled under the Agreement;

      C.      CSI's past, present, and future earnings and income has been damaged by PCH's breach of the Agreement;

      D.      CSI has lost and will continue to lose the benefit of what it bargained for when it entered into the Agreement;

      E.      CSI has and will continue to incur attorneys' fees and costs in defending PCH's claims and in prosecuting CSI's counterclaim; and

      F.      CSI has and will continue to incur further and additional damages.

**WHEREFORE, PROMISES CONSIDERED**, Defendant/Counter-Plaintiff Casualty & Surety, Inc. demands judgment against PCH Mutual Insurance Company, Inc. for compensatory damages in excess of $75,000, consequential damages, punitive damages, exemplary damages,

plus interest, costs, and attorneys' fees.

_____/s/_____
James M. Connolly (Bar No. 455140)
*KRAMER & CONNOLLY*
500 Redland Court, Suite 211
Owings Mills, Maryland 21117
Tel: (410) 581-0070
Fax: (410) 581-1524
*Counsel for Defendant Casualty & Surety,*
*Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 25, 2008, a copy of the foregoing was mailed first class, postage prepaid, to:

Robert H. Myers, Jr., Esquire
*Morris, Manning & Martin, LLP*
1401 H Street, N.W.
Suite 760
Washington, D.C.  20005

_____/s/_____
James M. Connolly
