IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PCH MUTUAL INSURANCE COMPANY, INC. | ) ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | Civil Action No. 08-CV-0282-CKK |
| v. | ) ) | |
| CASUALTY & SURETY, INC., | ) ) | |
| Defendant/Counter-Claimant. | ) ) | |

### MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

COMES NOW the Plaintiff/Counter-Defendant, PCH Mutual Insurance Company, Inc. ("PCH") and hereby moves this Court for leave to file the attached Sur-Reply in Opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings ("Exhibit A").

Defendant's Brief in Reply to Plaintiff's Opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings ("CSI's Reply") cited two Supreme Court cases for the proposition that the use of the word "may" in an arbitration clause mandates forced arbitration. (CSI's Reply, p. 4) (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985)). The attached brief sur-reply addresses solely these two newly cited cases.

Pursuant to LCvR 7(m), PCH conferred with Defendant by voicemail message to Defendant's counsel, Joseph Peter Drennan. Mr. Drennan responded on May 7, 2008, by electronic mail that the Defendant opposes this motion.

1

WHEREFORE, Plaintiff/Counter-Defendant PCH respectfully requests this Court to grant the foregoing motion for leave to file the attached Sur-Reply to Defendant's Brief in Reply to Plaintiff's Opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings.

This 7th day of May, 2008.

                                                  Respectfully submitted,

                                                  MORRIS, MANNING & MARTIN, L.L.P.

                                                  /s/
                                                Robert H. Myers, Jr.
                                                D.C. Bar No. 179242
                                                1401 H Street NW
                                                Suite 760
                                                Washington, D.C. 20005
                                                Tel: (202) 898-0011
                                                Fax: (202) 408-5146

                                                Lewis E. Hassett
                                                Georgia Bar No. 336140
                                                Admitted *Pro Hac Vice* 03/04/2008
                                                1600 Atlanta Financial Center
                                                3343 Peachtree Road, N.E.
                                                Atlanta, Georgia 30326
                                                Tel:  404-233-7000
                                                Fax: 404-365-9532

                                                *Attorneys for Plaintiff/Counter-Defendant PCH Mutual Insurance Company, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PCH MUTUAL INSURANCE COMPANY, INC. | ) ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | Civil Action No. 08-CV-0282-CKK |
| v. | ) ) | |
| CASUALTY & SURETY, INC., | ) ) | |
| Defendant/Counter-Claimant. | ) ) | |

**PLAINTIFF'S SUR-REPLY TO IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Defendant/Counter-Claimant, Casualty & Surety, Inc. ("CSI"), filed its Brief In Reply to Plaintiff's Opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings ("CSI's Reply"). While the bulk of CSI's Reply Brief plows old ground and need not be rebutted here. CSI has cited two Supreme Court cases for the proposition that the use of the word "may" in an arbitration clause mandates forced arbitration. (CSI's Reply, p. 4). *Citing Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985). This sur-reply addresses solely these two newly cited cases.

Neither case controls for at least three reasons. First, both *Republic Steel* and *Allis-Chalmers* involved collective bargaining agreements, which are governed by federal labor law and federal labor policy. Such law and policy strongly favor arbitration under collective bargaining agreements. *Republic Steel*, 379 U.S. at 652-57; *Allis-Chalmers,* 471 U.S. at 209-13. *International Ass'n of Machinists and Aerospace Workers*, 2008 WL 116288 (6th Cir., Jan. 10, 2008). *See also Clayton v. Interrnat'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am.*, 451 U.S. 679, 686 (1981) ("The rule established by *Republic Steel* was thus

intended to protect the integrity of the collective-bargaining process and to further that aspect of national labor policy that encourages private rather than judicial resolution of disputes arising over the interpretation and application of collective-bargaining agreements."). The crux of *Allis-Chalmers*, 471 U.S. at 209, is that federal labor law and, therefore, the arbitration clause of the collective bargaining agreement, pre-empted any contrary state law. Such pre-emption "preserves the central role of arbitration in our 'system of industrial self-government.' " *Id*. at 219.

The actual holding in *Republic Steel*, i.e. that the union has the discretion to eschew certain grievance procedures but that the employee does not have that discretion, also is unique to collective bargaining agreements. That holding has been substantially diluted in recent years. *See Wright v. Universal Monitoring Svc. Corp.*, 525 U.S. 70 (1998) (presumption that employee not bound by arbitration clause in union contract); *AirLine Pilot's Assn. v. Miller*, 523 U.S. 9866 (1998) (employee not bound by arbitration clause in union contract).

Second, whatever doubt existed before 1989, the Supreme Court since has clarified that arbitration clauses in agreements other than union contracts are governed by state law. *Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 474-79 (1989). Whatever presumption of arbitrability remains associated with federal law in connection with collective bargaining agreements has no application to whether private parties have agreed to arbitrate. *First Options of Chicago Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Bailey v. Fed. Nat'l Mtg. Ass'n*, 209 F.3d 740, 746 (D.C. Cir. 2000).

Finally, *Republic Steel* does not support CSI's position. That case did not interpret the use of "may" with respect to arbitration but, rather, with respect to whether an employee was required discuss a complaint with his foreman in an attempt to settle it. It was undisputed that the agreement required that grievances "shall" be handled according to detailed formal

procedures that include binding arbitration. "[T]he language stating that an employee 'may discuss' a complaint with his foreman is susceptible to variout [sic] interpretations; the most likely is that an employee, may, *if he chooses*, speak to his foreman himself without bringing in his grievance committeeman and formally embarking on Step 1 [of the formal procedures]." *Republic Steel*, 379 U.S. at 658 (emphasis added). Thus, the Court actually interpreted "may" as being permissive.

## CONCLUSION

For the foregoing reasons and those submitted in PCH's Memorandum in Opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings, CSI's Motion to Compel Arbitration and Stay Proceedings should be denied.

MORRIS, MANNING & MARTIN, L.L.P.

_____/s/_____
Robert H. Myers, Jr.
D.C. Bar No. 179242
1401 H Street NW
Suite 760
Washington, D.C. 20005
Tel: (202) 898-0011
Fax: (202) 408-5146

Lewis E. Hassett
Georgia Bar No. 336140
Admitted *Pro Hac Vice* 03/04/2008
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Tel:  404-233-7000
Fax: 404-365-9532

*Attorneys for Plaintiff/Counter-Defendant PCH Mutual Insurance Company, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PCH MUTUAL INSURANCE COMPANY, INC. | )<br>)<br>)<br>) |
| Plaintiff/Counter-Defendant, | ) |
| | ) Civil Action No. 08-CV-0282-CKK |
| v. | )<br>) |
| CASUALTY & SURETY, INC., | )<br>)<br>) |
| Defendant/Counter-Claimant. | ) |

### MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

Plaintiff/Counter-Defendant, PCH Mutual Insurance Company, Inc. ("PCH") has moved this court for leave to file its proposed Sur-Reply in Opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings (the "Sur-Reply"). A copy of the Sur-Reply is attached to PCH's motion as Exhibit "A." For the reasons that follow, leave to file the Sur-Reply should be granted.

"A surreply may be filed only by leave of Court, and only to address new matters raised in a reply to which a party would otherwise be unable to respond." *Wada v. U.S. Secret Service*, 525 F.Supp.2d 1, 10 (D.D.C. 2007) (Kollar-Kotelly, J.) (quoting *United States ex rel. Poque v. Diabetes Treatment Ctrs. Of Am., Inc.*, 238 F.Supp.2d 270, 276-77 (D.D.C. 2002)).

Here, Defendant's Brief in Reply to Plaintiff's Opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings ("CSI's Reply") argued for the first time that the Supreme Court has held that the use of the word "may" in an arbitration clause mandates forced arbitration. (CSI's Reply, p. 4) (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965);

1

# 1987258

*Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985)). PCH's brief sur-reply solely addresses these newly cited cases. Thus, it would be proper for this Court to allow PCH to file its proposed Sur-Reply in Opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings. *See In re Apollo Group, Inc. Securities Litigation*, 2007 WL 778653, at *4 (D.D.C. 2007) (Kollar-Kotelly, J.).

## CONCLUSION

For the foregoing reasons, PCH's Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings should be granted.

This 7th day of May, 2008.

Respectfully submitted,

MORRIS, MANNING & MARTIN, L.L.P.

/s/
Robert H. Myers, Jr.
D.C. Bar No. 179242
1401 H Street NW
Suite 760
Washington, D.C. 20005
Tel: (202) 898-0011
Fax: (202) 408-5146

Lewis E. Hassett
Georgia Bar No. 336140
Admitted *Pro Hac Vice* 03/04/2008
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Tel: 404-233-7000
Fax: 404-365-9532

Attorneys for Plaintiff/Counter-Defendant PCH Mutual Insurance Company, Inc.