IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PCH MUTUAL INSURANCE COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| versus | ) ) Case No. 1:08cv00282 (CKK) |
| CASUALTY & SURETY, INC., | ) ) ) |
| Defendant. | ) |

### DEFENDANT'S MOTION TO STAY DISCOVERY PENDING DETERMINATION OF THRESHOLD ARBITRATION ISSUES

COMES NOW, before this Honorable Court, your defendant known as Casualty & Surety, Inc. ("Defendant"), by and through its undersigned attorney and counsellor, *in praesenti,* Joseph Peter Drennan, and hereby moves this Honorable Court moves this Court to stay discovery in this action until a decision on your Defendant's pending Motion to Compel Arbitration has been reached, and, in support whereof, your Defendant would refer this Honorable Court to the following, *viz.*:

1. That, on 7 March 2008, your Defendant filed a Motion to Compel Arbitration and Stay Proceedings [Document #8], which motion is based on the arbitration provision contained in the Administrative Services Agreement—the contract at issue in this case; thereafter, *id est,* on April 7, 2008, your plaintiff, *viz.,* PCH Mutual Insurance Company, Inc. ("Plaintiff") filed its Opposition to the Motion to Compel Arbitration;

2. That, on 25 April 2008, your Defendant filed its Reply to Plaintiff's Opposition to the Motion to Compel Arbitration [Document #19], and the aforesaid Motion to Compel Arbitration has been under submission since that time, although it also bears mention that, on 7 May 2008, your Plaintiff did file a Motion for Leave to File a Surreply to your Defendant's Reply to Plaintiff's Opposition to the Motion to Compel Arbitration [Document #22]

1

;

3. That, on 22 April 2008, as required by the Rules of Federal Procedure, the parties to this action conducted a Rule 26(f) Conference, and, on 5 May 2008, the parties filed their requisite Meet & Conferral Statement [Document #20];

4. That, on 12 May 2008, your Plaintiff and your Defendant each made its respective disclosures under F. R. Civ. P. 26 (a) (1) [Document #23] and [Document #24];

5. That, on 4 June 2008, your Plaintiff served your Defendant with extensive written discovery, consisting of an array of Interrogatories and Requests for Production of Documents;

6. That, given the continued pendency of its Motion to Compel Arbitration, coupled with the initiation of discovery by your Plaintiff, your Defendant is concerned that, absent relief from this Honorable Court in the form of a stay of discovery pending resolution of the subject Motion to Compel Arbitration,, the parties' subject agreement to arbitrate would be compromised and undermined – hence the instant motion;

7. That the Federal Arbitration Act mandates, *inter alia*, that, upon motion by a party, the court shall stay judicial proceedings if the court is satisfied that the issue *sub judice* is encompassed in a written arbitration agreement; *see*: 9 U.S.C., §3;

8. That, in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 1277 (D.Col. 2004), that district court was confronted, as this Honorable Court is, with a situation in which a party sought a stay of discovery pending resolution of that defendant's dispositive motion; granting the movant's motion for a stay of discovery, Magistrate Judge Shaffer, of the Colorado District Court, found " . . . that the interests of judicial economy would be advanced by staying discovery . . . pending a decision on Defendant's dispositive motion";

9. That, beyond considerations of judicial economy, important though such considerations are, your Defendant's primary rationale for interposing the instant motion is to safeguard its

    contractual prerogative of having the instant dispute resolved in arbitration, as opposed to the litigation path selected by your Plaintiff, in derogation of the parties' agreement to arbitrate, as, heeding the admonition *ingravidated* in *Nat'l Found. for Cancer Research v. Edwards & Sons*, 261 U.S. App. D.C. 284, 821 F. 2d 772 (D.C. Cir. 1987), that inconsistency, not prejudice, determines a waiver of the right to arbitration; put simply, your Defendant harbors the profound concern that, unless it were to seek a stay of discovery, it would be inexorably drawn into the discovery process, which could, at least potentially, put it at risk of a deemed waiver of arbitration, and, in any event, harkening back to the reasoning of Magistrate Judge Shaffer, ". . . requiring the parties to submit to full discovery [prior to a ruling on the arbitrability issue]may unnecessarily subject them to the very complexities, inconveniences and expenses of litigation that they determined to avoid." 357 F. Supp. at 1280, *quoting Klepper v. SLI, Inc.* 45 Fed. Appx. 136, 2002 WL 2005431 (3rd Cir. 2002);

10. That, should this Honorable Court grant your Defendant's Motion to Compel Arbitration, any discovery conducted prior thereto would be rendered unnecessary; on the other hand, should Defendant's Motion to Compel Arbitration be denied, discovery may be conducted thereafter just as easily and just as efficiently; moreover, as adverted to above, your Defendant's participation in discovery creates a risk that it will be held to have "substantially invoked the litigation process" to such an extent it waived its right to arbitrate; &

11. That neither party will be prejudiced by a stay of discovery, especially given the likely brief duration of such stay; *accord: Anti-Monopoly, Inc. v. Hasbro, Inc.,* 1996 U.S. Dist. LEXIS 2684, 1996 WL 101277 ((S.D.N.Y. 1996).

    WHEREFORE, upon the foregoing premises considered, your Defendant respectfully prays of this Honorable Court that it enter an appropriate order staying discovery until such time it may grant or deny your Defendant's Motion to Compel Arbitration and Stay Proceedings, and for such other and

further relief as this Honorable Court may deem just and appropriate under the existent circumstances.

Dated: 7 July 2008, at the City of Alexandria, Virginia

        Respectfully submitted,

        /s/ Joseph Peter Drennan
**JOSEPH PETER DRENNAN**
218 North Lee Street
Third Floor
Alexandria, Virginia 22314
Telephone: (703) 519-3773
Telecopier: (703) 548-4399
*E-mail:* joseph@josephpeterdrennan.com
District of Columbia Unified Bar No. 358196

Jarrod B. Bazemore
Alton B. Parker, Jr.
Spain & Gillon, L.L.C.
The Zinszer Building
2117 Second Avenue North
Birmingham, Alabama 35203.
ATTORNEYS AND COUNSELLORS
FOR CASUALTY & SURETY, INC.

## *POINTS AND AUTHORITIES*

1. The factors set forth in ramified fashion above;
2. The record herein; &
3. The interests of justice.

        Respectfully submitted,

        /s/ Joseph Peter Drennan
**JOSEPH PETER DRENNAN**

## *CERTIFICATE OF SERVICE*

I, Joseph Peter Drennan, undersigned, hereby and herewith certify that, on this 7th day of the month of July 2008, a true, xerographic facsimile of the foregoing was despatched by carriage of First Class Post, enshrouded in a suitable wrapper, unto:

Robert H. Myers, Jr., Esquire
*Morris, Manning & Martin, L.L.P.*
1401 H Street, N.W.
Suite 760
Washington, D.C. 20005; &

John H. Williamson
Lewis E. Hassett
*Morris, Manning & Martin, L.L.P.*
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326.

                                                 Respectfully submitted,

                                                 /s/ Joseph Peter Drennan
                                               **JOSEPH PETER DRENNAN**