IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PCH MUTUAL INSURANCE COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| versus | ) Case No. 1:08cv00282 (CKK) ) |
| CASUALTY & SURETY, INC., | ) ) |
| Defendant. | ) |

**DEFENDANT'S RENEWED MOTION TO STAY DISCOVERY PENDING DETERMINATION OF THRESHOLD ARBITRATION ISSUES**

COMES NOW, before this Honorable Court, your defendant known as Casualty & Surety, Inc. ("Defendant"), by and through its undersigned attorney and counsellor, *in praesenti,* Joseph Peter Drennan, and hereby moves this Honorable Court moves this Court to stay discovery in this action until a decision on your Defendant's pending Motion to Compel Arbitration has been reached, and, in support whereof, your Defendant would refer this Honorable Court to the following, *viz.*:

1. That, on 7 March 2008, your Defendant filed a Motion to Compel Arbitration and Stay Proceedings [Document #8], which motion is based on the arbitration provision contained in the Administrative Services Agreement—the contract at issue in this case; thereafter, *id est,* on April 7, 2008, your plaintiff, *viz.,* PCH Mutual Insurance Company, Inc. ("Plaintiff") filed its Opposition to the Motion to Compel Arbitration;

2. That, on 25 April 2008, your Defendant filed its Reply to Plaintiff's Opposition to the Motion to Compel Arbitration [Document #19], and the aforesaid Motion to Compel Arbitration has been under submission since that time, although it also bears mention that, on 7 May 2008, your Plaintiff did file a Motion for Leave to File a Surreply to your Defendant's Reply to Plaintiff's Opposition to the Motion to Compel Arbitration [Document #22]

;

3. That, on 22 April 2008, as required by the Rules of Federal Procedure, the parties to this action conducted a Rule 26(f) Conference, and, on 5 May 2008, the parties filed their requisite Meet & Conferral Statement [Document #20];

4. That, on 12 May 2008, your Plaintiff and your Defendant each made their respective disclosures under F. R. Civ. P. 26 (a) (1) [Document #23] and [Document #24];

5. That, on 4 June 2008, your Plaintiff served your Defendant with extensive written discovery, consisting of an array of Interrogatories and Requests for Production of Documents;

6. That, given the continued pendency of its Motion to Compel Arbitration, coupled with the initiation of discovery by your Plaintiff, your Defendant is concerned that, absent relief from this Honorable Court in the form of a stay of discovery pending resolution of the subject Motion to Compel Arbitration,, the parties' subject agreement to arbitrate would be compromised and undermined – hence the instant motion;

7. That the Federal Arbitration Act mandates, *inter alia*, that, upon motion by a party, the court shall stay judicial proceedings if the court is satisfied that the issue *sub judice* is encompassed in a written arbitration agreement; *see*: 9 U.S.C., §3;

8. That, in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 1277 (D.Col. 2004), that district court was confronted, as this Honorable Court is, with a situation in which a party sought a stay of discovery pending resolution of that defendant's dispositive motion; granting the movant's motion for a stay of discovery, Magistrate Judge Shaffer, of the Colorado District Court, found " . . . that the interests of judicial economy would be advanced by staying discovery . . . pending a decision on Defendant's dispositive motion";

9. That, beyond considerations of judicial economy, important though such considerations are, your Defendant's primary rationale for interposing the instant motion is to safeguard its

contractual prerogative of having the instant dispute resolved in arbitration, as opposed to the litigation path selected by your Plaintiff, in derogation of the parties' agreement to arbitrate, as, heeding the admonition *ingravidated* in *Nat'l Found. for Cancer Research v. Edwards & Sons*, 261 U.S. App. D.C. 284, 821 F. 2d 772 (D.C. Cir. 1987), your Defendant is acutely cognizant that inconsistency, not prejudice, determines a waiver of the right to arbitration; put simply, your Defendant harbors the profound concern that, unless it were to seek a stay of discovery, it would be inexorably drawn into the discovery process, which, *inter alia,* could, at least potentially, put it at risk of a deemed waiver of arbitration, and, in any event, harkening back to the reasoning of Magistrate Judge Shaffer, ". . . requiring the parties to submit to full discovery [prior to a ruling on the arbitrability issue]may unnecessarily subject them to the very complexities, inconveniences and expenses of litigation that they determined to avoid." *Merrill Lynch, supra,* 357 F. Supp. at 1280, *quoting Klepper v. SLI, Inc.*45 Fed. Appx. 136, 2002 WL 2005431 (3rd Cir. 2002);

10. That, should this Honorable Court grant your Defendant's Motion to Compel Arbitration, any discovery conducted prior thereto would be rendered unnecessary; on the other hand, should Defendant's Motion to Compel Arbitration be denied, discovery may be conducted thereafter just as easily and just as efficiently as would have been the case in the absence of a stay; moreover, as adverted to above, your Defendant's participation in discovery creates a risk that it will be held to have "substantially invoked the litigation process" to such an extent it waived its right to arbitrate;

11. That, on 7 July 2008, *id est,* on the day that your Defendant interposed its initial Motion to Stay Proceedings [Document #25], pending this Honorable Court's ruling on the subject underlying Motion to Arbitrate, undersigned counsel for your Defendant did, consistent with the requirements of Local Rule 7 (m), confer, by telephone, with Robert H. Myers, Jr., Esquire,

of Morris, Manning & Martin, counsel of record for your Plaintiff in a good faith effort to resolve the issue(s) raised in the instant motion by consent; however, said counsel for your Defendant did not consent to the relief sought herein; accordingly, as referenced above, your Plaintiff proceeded to file its Motion to Stay [Document #25]; however, waxing self-effacingly, because the undersigned inadvertently neglected to include in the said filing the Certificate of Conferral mandated by LCvR 7 (m), this Honorable Court did, on 9 July 2008, deny without prejudice the said motion, " . . . with leave for Defendant to refile its motion with the representations required by LCvR 7 (m)" --hence the instant, renewed Motion;&

12. That, as your Defendant stated in its original Motion to Stay, neither party would be prejudiced by a stay of discovery, especially given the, likely, brief duration of such stay; *accord: Anti-Monopoly, Inc. v. Hasbro, Inc.,* 1996 U.S. Dist. LEXIS 2684, 1996 WL 101277 ((S.D.N.Y. 1996).

WHEREFORE, upon the foregoing premises considered, your Defendant respectfully prays of this Honorable Court that it enter an appropriate order staying discovery until such time it may grant or deny your Defendant's Motion to Compel Arbitration and Stay Proceedings, and for such other and further relief as this Honorable Court may deem just and appropriate under the existent circumstances.

Dated: 12 July 2008, at the City of Alexandria, Virginia

    Respectfully submitted,

    /s/ Joseph Peter Drennan
    **JOSEPH PETER DRENNAN**
    218 North Lee Street
    Third Floor
    Alexandria, Virginia 22314
    Telephone: (703) 519-3773
    Telecopier: (703) 548-4399
    *E-mail:* joseph@josephpeterdrennan.com
    District of Columbia Unified Bar No. 358196

>Jarrod B. Bazemore
>Alton B. Parker, Jr.
>Spain & Gillon, L.L.C.
>The Zinszer Building
>2117 Second Avenue North
>Birmingham, Alabama 35203.
>ATTORNEYS AND COUNSELLORS
>FOR CASUALTY & SURETY, INC.

## *POINTS AND AUTHORITIES*

1. The factors set forth in ramified fashion above;
2. The record herein; &
3. The interests of justice.

>Respectfully submitted,

>/s/ Joseph Peter Drennan
>**JOSEPH PETER DRENNAN**

## *CERTIFICATE OF CONFERRAL*

As stated, in detail, in the accompanying Motion, the undersigned, counsel for your Defendant,, hereby and herewith, certifies that he did confer, by telephone, with counsel for your Plaintiff, on 7 July 2008, in a good faith effort to resolve the issues presented int eh instant Motion, without the need to file this Motion; however, your Defendant thereat indicated, through counsel, that it did not consent to the Motion and that it intended to oppose the Motion.

>Respectfully submitted,

>/s/ Joseph Peter Drennan
>**JOSEPH PETER DRENNAN**

*CERTIFICATE OF SERVICE*

    I, Joseph Peter Drennan, undersigned, hereby and herewith certify that, on this 12th day of the month of July 2008, a true, xerographic facsimile of the foregoing was despatched by carriage of First Class Post, enshrouded in a suitable wrapper, unto:

    Robert H. Myers, Jr., Esquire
    *Morris, Manning & Martin, L.L.P.*
    1401 H Street, N.W.
    Suite 760
    Washington, D.C.  20005; &

    John H. Williamson
    Lewis E. Hassett
    *Morris, Manning & Martin, L.L.P.*
    1600 Atlanta Financial Center
    3343 Peachtree Road, N.E.
    Atlanta, Georgia 30326.

                                            Respectfully submitted,

                                            <u>/s/ Joseph Peter Drennan</u>
                                            **JOSEPH PETER DRENNAN**

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PCH MUTUAL INSURANCE COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| versus | ) ) | Case No. 1:08cv00282 (CKK) |
| CASUALTY & SURETY, INC., | ) ) | |
| Defendant. | ) ) | |

***O R D E R***

Upon consideration of the Defendant's Renewed Motion to Stay Discovery Pending Resolution of the Defendant's Motion to Compel Arbitration, and, it appearing to the Court that the Motion is for good cause shown, and is in the interests of justice, it is, hereby,

ORDERED that the said Motion be, and the same hereby is, GRANTED, and it is,

FURTHER ORDERED that discovery be, and hereby is, STAYED, pending further notice from this Court.

SO ORDERED.

Dated: _____          _____

                                                                                    UNITED STATES DISTRICT JUDGE