IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PCH MUTUAL INSURANCE COMPANY, INC. | ) ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | Civil Action No. 08-CV-0282-CKK |
| v. | ) ) | |
| CASUALTY & SURETY, INC., | ) ) | |
| Defendant/Counter-Claimant. | ) ) | |

## MEMORANDUM IN OPPOSITION TO SECOND MOTION TO STAY DISCOVERY

### INTRODUCTION

Defendant/Counter-Claimant, Casualty & Surety, Inc. ("CSI") has filed a Renewed Motion to Stay Discovery Pending Determination of Threshold Arbitration Issues (the "Motion") seeking an order to stay discovery in this case until the Court has decided CSI's pending Motion to Compel Arbitration and Stay Proceedings. For the reasons below, the Motion should be denied.

The Motion should be denied because (1) judicial economy favors denying the Motion; (2) the parties have already agreed to commence discovery; (3) conducting discovery at this point in the proceedings would not constitute a waiver of CSI's demand for arbitration; and (4) the Federal Arbitration Act, 9 U.S.C. §§ 1-16, ("FAA") does not mandate a stay of discovery pending the Court's decision on CSI's Motion to Compel Arbitration and Stay Proceedings.

### STATEMENT OF FACTS

On January 22, 2008, PCH filed a four-count complaint against CSI in the Superior Court of the District of Columbia. (Compl., Case No. 08-00499). On February 19, 2008, CSI removed

1

the case to this Court.  CSI filed its Answer and Counterclaim on February 25, 2008.  CSI filed a Motion to Compel Arbitration and Stay Proceedings on March 7, 2008, and on March 9, PCH filed its Demand for Jury Trial.  On April 7, 2008, PCH filed its Memorandum in Opposition to Motion to Compel Arbitration and Stay Proceedings.  CSI filed its reply to PCH's memorandum on April 25, 2008, and on May 7, 2008, PCH filed its sur-reply.

On April 22, 2008, after PCH filed its Memorandum in Opposition to Motion to Compel Arbitration and Stay Proceedings, counsel for both parties conferred to "discuss the matters set forth in LCvR 16.3(c), arrange for disclosures required by Fed. R. Civ. P. Rule 26(a)(1), and develop a discovery plan stating the parties' views and proposals." (Joint Fed. R. Civ. P. Rule 26(f), LCvR 16.3 Report, ¶ 1) ("Joint Rule 26(f) Report").  On May 5, 2008, the parties then filed the Joint Rule 26(f) Report and Joint Proposed Scheduling Order, both of which included the discovery issues agreed upon during the conference.  The parties agreed "that the discovery period will last six (6) months from the date of the Fed. R. Civ. P. 26(f), LCvR 16.3 conference and will be completed by October 22, 2008."  (Joint Rule 26(f) Report, ¶ 12).

As agreed, both parties filed discovery disclosures required by Fed. R. Civ. P. 26(a)(1) on May 12, 2008.  (Joint Rule 26(f) Report, ¶ 11).

On June 4, 2008, in accordance with Fed. R. Civ. P. 26(a)(5), 33, and 34, PCH served CSI with First Requests for Production and First Interrogatories, which are attached as Exhibits A and B, respectively.

On July 7, 2008, 33 days from the date of service of the First Requests for Production and First Interrogatories, CSI filed a Motion to Stay Discovery.  This Court dismissed CSI's motion without prejudice because CSI did not comply with LCvR 7(m).  CSI renewed its motion with a

Second Motion to Stay Discovery on July 12, 2008, and the Motion was refiled on July 15, 2008 due to document filing errors.

**ARGUMENT AND AUTHORITIES**

**I.    JUDICIAL ECONOMY FAVORS DENYING THE MOTION.**

District courts have extremely broad discretion in controlling discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598-99 (1998). In this case, the principles of judicial economy favor denying the Motion.

PCH commenced this action almost seven months ago and would like to proceed as expeditiously as possible. Regardless of whether arbitration is required, discovery will be useful to the parties for possible settlement negotiations, mediation, and preparation for trial or arbitration proceedings. In the event CSI's Motion to Compel Arbitration and Stay Proceedings is granted, the parties will have already conducted or at least begun to conduct discovery that would have to be completed prior to the arbitration hearing. Therefore, regardless of the adjudication of CSI's Motion to Compel Arbitration and Stay Proceedings, allowing discovery at this stage of the proceedings will expedite the ultimate resolution of this dispute, while staying discovery would unnecessarily delay the final disposition of this matter.

**II.    THE PARTIES HAVE ALREADY AGREED TO COMMENCE DISCOVERY.**

While CSI's Motion to Compel Arbitration and Stay Proceedings has been pending, the parties agreed to conduct discovery.

The Federal Rules of Civil Procedure dictate that parties may seek discovery from any source after the parties have conferred as required by Fed. R. Civ. P. 26(f). Fed. R. Civ. P. 26(d). The parties conducted the required conference on April 22, 2008, nearly two months after CSI filed its Motion to Compel Arbitration and Stay Proceedings.

As a result of the Fed. R. Civ. P. 26(f) conference, the parties agreed to a discovery period that would last six months from the date of the Fed. R. Civ. P. 26(f), LCvR 16.3 conference on April 22, 2008. (Joint Rule 26(f) Report, ¶ 12). The parties' Joint Proposed Scheduling Order also specifies that discovery shall be completed by October 22, 2008, with no tie to the adjudication of the Motion to Compel Arbitration and Stay Proceedings. (Joint Proposed Scheduling Order, ¶ 3). CSI did not file an alternate proposed scheduling order.

Moreover, both parties have begun the discovery process by making their initial disclosures as required by Fed. R. Civ. P. 26(a)(1).

Therefore, it would be entirely inconsistent with the terms agreed upon by the parties to now stay discovery pending the Court's decision on CSI's Motion to Compel Arbitration and Stay Proceedings.

## III.   CONDUCTING DISCOVERY AT THIS POINT IN THE PROCEEDINGS WOULD NOT CONSTITUTE WAIVER OF ARBITRATION.

CSI argues that engaging in discovery would put it "at risk of a deemed waiver of arbitration." (Motion, ¶ 9-10). Waiver is not at issue in this case.

A party may wave its right to arbitration by acting "inconsistently with the arbitration right." *Kahn v. Parsons Global Servs., Ltd.*, 521 F.3d 421, 425 (D.C. Cir. 2008). The D.C. Circuit has held that it views "the totality of circumstances [in deciding whether] the defaulting party has acted inconsistently with the arbitration right." *Id.* Any ambiguity as to the scope of the waiver must be resolved in favor of arbitration. *Nat'l Foundation for Cancer Research v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772, 774-75 (D.C. Cir. 1987). Generally, the issue of waiver arises when a party attempts to assert his right to arbitrate *after* engaging in litigation and opposing the complaint on the merits. *See, e.g.*, *id.* at 775.

In this case, because CSI asserted its alleged right to arbitrate at the outset of these proceedings, waiver of that right is not at issue and engaging in discovery at this point in the proceedings would not warrant a finding of waiver.

### IV.    THE FAA DOES NOT MANDATE A STAY OF DISCOVERY WHILE MOTION TO COMPEL ARBITRATION IS PENDING.

CSI argues that the FAA requires the Court to stay judicial proceedings if the court is satisfied that the issue in the suit is encompassed in a written arbitration agreement. (Motion, ¶ 7). Although this general principle is true, it is not applicable to this Motion or this stage of the proceedings.

The FAA only requires courts to stay proceedings until arbitration once a determination has been made that a valid arbitration agreement exists and the issue in the suit is referable to arbitration. 9 U.S.C. § 3. Before applying the FAA's mandatory stay of proceedings, courts first determine whether the parties have agreed to arbitrate. *See, e.g., Adams v. Suozzi*, 340 F.Supp.2d 279, 282 (E.D.N.Y. 2004). Thus, just as the FAA does not require arbitration unless the parties have agreed to submit the dispute to arbitration, the FAA does not mandate a stay of proceedings unless the parties have agreed to arbitrate the claims. *Zimmerman v. Internat'l Co. & Consulting, Inc.*, 107 F.3d 344, 346 (5th Cir. 1997) ("[T]he mandatory stay provision of the FAA does not apply to those who are not contractually bound by the arbitration agreement."); *see AT&T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 648 (1986).

Here, this Court has not made a determination on whether the parties have agreed to arbitrate. Therefore, the FAA's mandatory stay provision does not apply and does not compel this Court to stay discovery pending the Court's decision.

### <u>CONCLUSION</u>

For the foregoing reasons, CSI's Motion should be denied.

This 16th day of July, 2008.

MORRIS, MANNING & MARTIN, L.L.P.

_____/s/_____
Robert H. Myers, Jr.
D.C. Bar No. 179242
1401 H Street NW
Suite 760
Washington, D.C. 20005
Tel: (202) 898-0011
Fax: (202) 408-5146

Lewis E. Hassett
Georgia Bar No. 336140
Admitted *Pro Hac Vice* 03/04/2008
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Tel:  404-233-7000
Fax: 404-365-9532

Attorneys for Plaintiff/Counter-Defendant PCH
Mutual Insurance Company, Inc.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PCH MUTUAL INSURANCE COMPANY, INC. | ) ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | Civil Action No. 08-CV-0282-CKK |
| v. | ) ) | |
| CASUALTY & SURETY, INC., | ) ) | |
| Defendant/Counter-Claimant. | ) ) | |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
## TO DEFENDANT CASUALTY & SURETY, INC.

Pursuant to Fed. R. Civ. P. 34, Plaintiff/Counter-Defendant PCH Mutual Insurance

Company, Inc. ("PCH") hereby requests that Defendant/Counter-Claimant Casualty & Surety,

Inc. ("CSI") produce the documents described herein for inspection and/or copying by the

undersigned attorneys, within thirty-three (33) days of the date of service of these requests.

### DEFINITIONS

The following words and terms shall have the following definitions:

1. "Action" means PCH Mutual Insurance Company, Inc. v. Casualty & Surety, Inc.,

Civil Action No. 08-CV-0282-CKK, pending in the United States District Court of the District of

Columbia, and originally filed as Civil Action No. 08-0000499 in the Superior Court of the

District of Columbia.

2. "Agreement" means the Administrative Services Agreement between PCH and

CSI, executed on March 31, 2004, and attached as Exhibit A to the Complaint.

3. "Answer" or "Counterclaim" mean Defendant's Answer and Counterclaim filed

in this Action on February 25, 2008.

4.      "Any" includes "each" and "all."

5.      "Communication" means the conveyance of any information or data, whether written or oral. "Communication" includes "Document" as defined below.

6.      "CSI" or "Defendant" refers to Casualty & Surety, Inc., along with any of its present or former subsidiaries, divisions, subdivisions, predecessors, successors, joint ventures, attorneys, agents, partners, officers, directors, employees, and other representatives.

7.      "Document" means each and every form of communication and each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your possession, custody, or control, including but not limited to, all printed and electronic copies of electronic mail, e-mails, e-mail attachments, notes, correspondence, memoranda, computer screen shots, tapes, stenographic or handwritten notes, written forms of any kind, charts, calculations, spreadsheets, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, brochures, pamphlets, or any written or recorded material of any other kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original Documents or that are otherwise not identical to the original Documents.

8.      "Including" means without limitation.

2

9.     "Managing General Agent" means a "managing general agent" as defined by D.C. Code § 31-1501(4).

10.    "PCALIC" means Personal Care & Assisted Living Insurance Center, LLC, along with any of its present or former subsidiaries, divisions, subdivisions, predecessors, successors, joint ventures, attorneys, agents, partners, officers, directors, employees, and other representatives.

11.    "PCH" means PCH Mutual Insurance Company, Inc., A Risk Retention Group, along with any of its present or former attorneys, agents, partners, officers, directors, employees, and other representatives.

12.    "PCH Premium Funds" or "Premium" means all premiums, fees, and/or contributions PCALIC collected and remitted to CSI.

13.    "Person" or "Entity" means natural persons, individuals, firms, corporations, partnerships, proprietorships, joint ventures, unincorporated associations, government agencies, and all other organizations or entities of any type.

14.    "State" or "States" means any of the fifty (50) United States, the District of Columbia, or any U.S. territory.

15.    "You" and "Your" means Casualty & Surety, Inc., along with any of its present or former attorneys, agents, partners, officers, directors, employees, and other representatives.

### INSTRUCTIONS

1.     The words "and" and "or" shall be construed in the conjunctive or disjunctive as is necessary to make the request inclusive rather than exclusive.

2.     The past tense shall be construed to include the present tense and visa versa, to make the request inclusive rather than exclusive.

3

3.     Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

4.     The phrases "concerning," "relate to," "relates to," "relating to," "related to" or any conjunction thereof, shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, negating, or referring to the topic or subject in question, either in whole or in part.

5.     Each request for documents seeks production of all documents described therein, along with any attachments, drafts, and non-identical copies, in Your possession, custody, or control.

6.     If a responsive document once existed, but has been destroyed or cannot be located, please describe the document's contents, author(s), and addressee(s) to the extent possible, and the circumstances of the document's destruction or disappearance.

7.     If You claim the attorney-client privilege, or any other privilege or work product protection for any document, please provide the following information with respect to each such document:

      a)     type of document (e.g., letter, memorandum, etc.);

      b)     date;

      c)     author(s) of the document and each and every other person who prepared or participated in the preparation of the document;

      d)     all addressees or recipients of the original or a copy thereof, and their relationship to the author;

      e)     the subject matter of the document; and

f)    the nature of the privilege or protection claim relied upon and supporting information sufficient to evaluate the applicability of such claim of privilege or protection.

8.    If You object to a request or any portion thereof, set forth fully and in detail the basis for such objection and answer or respond to the remainder of the request.

9.    The time period for each request, unless otherwise indicated, shall be from January 1, 2003 to the date of response, and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior or subsequent to that period.

## REQUESTS

1.    All Documents evidencing, regarding, or supporting Your contention that PCH drafted the Agreement.

2.    All Documents reflecting, regarding, evidencing, or supporting Your contention that PCH gave consent to and/or had knowledge of You placing PCH premium funds in interest bearing accounts and retaining the interest earned on the funds.

3.    All Documents reflecting or evidencing the amount of interest You earned and/or retained on PCH premium funds.

4.    All Documents supporting, evidencing, relating to, referring to, or regarding damages claimed by You in this matter.

5.    All State licenses, including but not limited to producer and/or agent licenses, issued to You by any State insurance regulator.

6.    All applications You submitted to any State insurance regulator for any State license, including but not limited to producer and/or agent licenses.

#2018197

7.     All Documents constituting, evidencing, concerning, referring to, or relating to any communications between You and PCH regarding any of the allegations in the Complaint, Answer, and/or Counterclaim in this Action.

8.     All Documents evidencing, reflecting, or referring to Your receipt of Premiums from PCALIC and remittance of Premiums to PCH.

9.     All Documents evidencing or reflecting Your placement of insurance premiums in interest bearing accounts.

10.     All Documents supporting, contradicting or otherwise regarding Your denial of the allegations in paragraph 17 of the Complaint, including but not limited to Documents evidencing or reflecting the Policies you issued per PCALIC's instructions between September 1, 2007 and December 31, 2007.

11.     All Documents supporting, contradicting or otherwise regarding Your denial of the allegations in paragraph 18 of the Complaint, including but not limited to Documents (i) evidencing or reflecting Your placement of reinsurance with London; PCH's request that You obtain competitive bids for reinsurance; (iii) Your efforts to obtain competitive bids for reinsurance; and (iv) Your cancellation of the existing reinsurance agreement coverage.

12.     All Documents supporting, contradicting or otherwise regarding Your denial of the allegations in paragraph 19 of the Complaint, including but not limited to Documents evidencing or reflecting any broker's license or non-resident insurance producer's license.

13.     All Documents supporting, contradicting or otherwise regarding Your denial of the allegations in paragraph 20 of the Complaint.

#2018197

14.    All Documents supporting, contradicting or otherwise regarding Your denial of the allegations in paragraph 21 of the Complaint, including but not limited to Your denial that "PCH's termination was justified.

15.    All Documents supporting, contradicting or otherwise regarding Your denial of the allegations in paragraph 23 of the Complaint, including but not limited to Your denial of the allegation that "CSI has untimely issued or failed to issue policies on behalf of PCH from on or about October 1, 2007 until December 31, 2007."

16.    All Documents supporting, contradicting or otherwise regarding Your denial of the allegations in paragraph 27 of the Complaint, including but not limited to Your denial of the allegation that You have "conducted [yourself] as a 'managing general agent' . . . .".

17.    All Documents supporting, contradicting or otherwise regarding Your denial of the allegations in paragraph 32 of the Complaint, including but not limited to Your denial of the allegation that You owed a fiduciary duty to PCH.

18.    All Documents supporting, contradicting or otherwise regarding Your denial of the allegations of paragraphs 37-39 of the Complaint, including but not limited to Your denial of the allegations that You obtained funds that rightfully belong to PCH.

19.    All Documents evidencing or regarding Your engagement of any person You expect to call as an expert witness at trial or any hearing in this Action.

20.    All Documents provided or shown by You to any person You expect to call as an expert witness at trial or any hearing in this Action.

21.    All Documents generated, prepared or obtained by any person You expect to call as an expert witness at trial or any hearing in this Action.

#2018197

22.    All Documents provided by or shown by Defendant to any consultant, including consulting experts, concerning the subject matter of the Complaint, Answer, and/or Counterclaim in this Action.

23.    All Documents shown by Defendant to any witness or expected witness in this Action.

24.    All Documents that You will or may introduce at trial or any hearing in this Action.

25.    All Documents You reviewed, referenced in or relied upon in answering Plaintiff's First Interrogatories.

This ⁴/ day of June, 2008.

Respectfully submitted,

MORRIS, MANNING & MARTIN, L.L.P.

Robert H. Myers, Jr.
D.C. Bar No. 179742
1401 H Street NW
Suite 760
Washington, D.C. 20005
Tel: (202) 898-0011
Fax: (202) 408-5146

Lewis E. Hassett
Georgia Bar No. 336140
Admitted *Pro Hac Vice* 03/04/2008
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Tel:  404-233-7000
Fax: 404-365-9532

*Attorneys for Plaintiff/Counter-Defendant PCH Mutual Insurance Company, Inc.*

8

#7018197

## CERTIFICATE OF SERVICE

I hereby certify that on June __4__, 2008, I served Plaintiff's First Requests for Production

to Defendant Casualty & Surety, Inc., on the following persons via U.S. Mail with proper

postage paid:

Joseph P. Drennan
218 North Lee Street
Third Floor
Alexandria, Virginia 22314

Jarrod B. Bazemore
Alton B. Parker, Jr.
Spain & Gillon, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, Alabama 35203

Robert H. Myers
D.C. Bar No. 179242

9

#2018197

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PCH MUTUAL INSURANCE COMPANY, INC. | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) ) |
| v. | ) ) ) |
| CASUALTY & SURETY, INC., | ) ) ) |
| Defendant/Counter-Claimant. | ) ) |

Civil Action No. 08-CV-0282-CKK

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT CASUALTY & SURETY, INC.

Pursuant to Fed. R. Civ. P. 33, Plaintiff/Counter-Defendant PCH Mutual Insurance Company, Inc. ("PCH") hereby requests that Defendant/Counter-Claimant Casualty & Surety, Inc. ("CSI") provide written responses to the following interrogatories to the undersigned counsel within thirty-three (33) days of the date of service of these interrogatories.

### DEFINITIONS

The following words and terms shall have the following definitions:

1.      "Action" means PCH Mutual Insurance Company, Inc. v. Casualty & Surety, Inc., Civil Action No. 08-CV-0282-CKK, pending in the United States District Court of the District of Columbia, and originally filed as Civil Action No. 08-0000499 in the Superior Court of the District of Columbia.

2.      "Agreement" means the Administrative Services Agreement between PCH and CSI, executed on March 31, 2004, and attached as Exhibit A to the Complaint.

3.      "Answer" or "Counterclaim" mean Defendant's Answer and Counterclaim filed in this Action on February 25, 2008.

4.    "Any" includes "each" and "all."

5.    "CSI" or "Defendant" refers to Casualty & Surety, Inc., along with any of its present or former subsidiaries, divisions, subdivisions, predecessors, successors, joint ventures, attorneys, agents, partners, officers, directors, employees, and other representatives.

6.    "Communication" means the conveyance of any information or data, whether written or oral. "Communication" includes "Document" as defined below.

7.    "Complaint" refers to the Complaint filed in this Action on January 22, 2008.

8.    "Defendant's Initial Disclosures" means Defendant's Initial Disclosures Under Rule 26(a)(1) of the Federal Rules of Civil Procedure filed in this Action on May 12, 2008.

9.    "Document" means each and every form of communication and each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your possession, custody, or control, including but not limited to, all printed and electronic copies of electronic mail, e-mails, e-mail attachments, notes, correspondence, memoranda, computer screen shots, tapes, stenographic or handwritten notes, written forms of any kind, charts, calculations, spreadsheets, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, brochures, pamphlets, or any written or recorded material of any other kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings

of any kind not found on the original Documents or that are otherwise not identical to the original Documents.

10.    "Including" means without limitation.

11.    "Person" or "Entity" means natural persons, individuals, firms, corporations, partnerships, proprietorships, joint ventures, unincorporated associations, government agencies, and all other organizations or entities of any type.

12.    "PCALIC" means Personal Care & Assisted Living Insurance Center, LLC, along with any of its present or former subsidiaries, divisions, subdivisions, predecessors, successors, joint ventures, attorneys, agents, partners, officers, directors, employees, and other representatives.

13.    "PCH" means to PCH Mutual Insurance Company, Inc., A Risk Retention Group, along with any of its present or former attorneys, agents, partners, officers, directors, employees, and other representatives.

14.    "PCH Premium Funds" or "Premium" means all premiums, fees, and/or contributions PCALIC collected and remitted to CSI.

15.    "State" or "States" means any of the fifty (50) United States, the District of Columbia, or any U.S. territory.

16.    "Underwriting Guidelines" means "PCH/ALF Insurance Company, A Risk Retention Group, Insurance Program Underwriting Guidelines," attached as Exhibit B to the Complaint.

17.    "You" and "Your" means Casualty & Surety, Inc. along with any of its present or former attorneys, agents, partners, officers, directors, employees, and other representatives.

#2016119

## INSTRUCTIONS

1.    The words "and" and "or" shall be construed in the conjunctive or disjunctive as is necessary to make the interrogatory inclusive rather than exclusive.

2.    The past tense shall be construed to include the present tense and visa versa, to make the interrogatory inclusive rather than exclusive.

3.    Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

4.    "Identify" when used in reference to a natural person means to state:

     a.    the full legal name of the person;

     b.    the name, title, and employer of the person at the time in question;

     c.    the present or last known employer of such person;

     d.    the present or last known home and business address of the person; and

     e.    the present or last known home and business telephone numbers of the person.

5.    "Identify" when used in reference to an Entity other than a natural person means to state:

     a.    the full legal name of the Entity and any names under which it conducts or has conducted business;

     b.    the present or last known address of the Entity; and

     e.    the present or last known telephone number of the Entity.

6.    If You object to an interrogatory or any portion thereof, set forth fully and in detail the basis for such objection and answer or respond to the remainder of the interrogatory.

4

7.    Each interrogatory is addressed to the personal knowledge of CSI, as well as to the knowledge and information of CSI's attorneys, investigators, agents, employees, and other representatives.

8.    The time period for each interrogatory, unless otherwise indicated, shall be from January 1, 2003 to the date of response, and shall include all information that relates in whole or in part to such period, or to events or circumstances during such period.

## INTERROGATORIES

1.    Identify each Person who has or may have knowledge of the facts and circumstances at issue in this Action, and briefly describe the substance of each Person's knowledge.

2.    Explain in detail the basis for Your contention that PCH gave consent for and had knowledge of You placing PCH Premium Funds in interest bearing accounts and retaining the interest earned on the funds, identifying all Documents that support Your contention.  (See Answer, ¶ 11).

3.    Explain in detail the basis for Your contention that PCH's termination of the Agreement breached the Agreement and that PCH "precipitously initiated suit, in derogation of an express contractual cure notice provision," identifying all provisions of the Agreement that support Your contention. (See Counterclaim, ¶ 5; Defendant's Initial Disclosures, ¶ (C)).

4.    Identify all States in which You are licensed by any State insurance regulator as a producer, agent, and/or other licensee, including the date of application and effective date of each license, identifying all Documents that support Your answer.

#2016119

5.    Explain in detail the basis for your contention that CSI did not place reinsurance for PCH or on PCH's behalf on or about 2004 until 2006, identifying all Documents that support Your contention.

6.    Explain in detail CSI's procedures for receiving and remitting the Premiums to PCH, identifying who held the Premiums prior to their transfer to PCH and all Documents that support Your answer.

7.    Explain in detail the basis for your contention that CSI was not required to issue and mail policies to PCALIC within thirty (30) days of PCALIC's request, identifying all Documents that support Your contention.  (See Answer, ¶ 15).

8.    Explain in detail the basis for each claim for damages in your Counterclaim, identifying the elements of your damages, your method of computation of your damages, and the amount of your damages.

9.    Identify each person you have retained as an expert in this lawsuit, and for each such person state: (a) the area(s) of the expert's expertise; (b) the subject matter about which each expert has provided or is expected to provide opinions; (c) the substance of the expert's opinions; and (d) a summary of the factual basis and other grounds for each opinion.

10.    Identify each Person who assisted in the preparation of Defendant's responses to Plaintiff's First Interrogatories to Defendant, identifying the information that each Person supplied.

#2016119

This **4** day of June, 2008.

Respectfully submitted,

MORRIS, MANNING & MARTIN, L.L.P.

Robert H. Myers, Jr.
D.C. Bar No. 179242
1401 H Street NW
Suite 760
Washington, D.C. 20005
Tel: (202) 898-0011
Fax: (202) 408-5146

Lewis E. Hassett
Georgia Bar No. 336140
Admitted *Pro Hac Vice* 03/04/2008
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Tel: 404-233-7000
Fax: 404-365-9532

*Attorneys for Plaintiff/Counter-Defendant PCH
Mutual Insurance Company, Inc.*

#2016119

## CERTIFICATE OF SERVICE

I hereby certify that on June __4__, 2008, I served Plaintiff's First Interrogatories to Defendant Casualty & Surety, Inc., on the following persons via U.S. Mail with proper postage paid:

Joseph P. Drennan
218 North Lee Street
Third Floor
Alexandria, Virginia 22314

Jarrod B. Bazemore
Alton B. Parker, Jr.
Spain & Gillon, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, Alabama 35203

Robert H. Myers
D.C. Bar No. 179242

8

#2016119