UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PCH MUTUAL INSURANCE
COMPANY, INC.,

    *Plaintiff*,

v.

CASUALTY & SURETY, INC.,

    *Defendant*.

Civil Action No. 08-00282 (CKK)

**MEMORANDUM OPINION**
(November 15, 2010)

This action arises out of an alleged breach of an agreement entered into by and between Plaintiff PCH Mutual Insurance Company, Inc. ("PCH") and Defendant Casualty & Surety, Inc. ("CSI"). Presently before the Court is PCH's [62] Motion for Leave to Amend Complaint ("Motion to Amend"), which CSI has opposed. For the reasons set forth below, the Court shall GRANT the Motion to Amend.

**I. BACKGROUND**

PCH is a "risk retention group" domiciled in the District of Columbia providing insurance coverage to assisted living facilities. Compl., Docket No. [1-4], ¶¶ 3, 5. CSI is an insurance wholesale broker and insurance program manager based in Alabama. *Id.* ¶¶ 4, 6. On or about March 31, 2004, PCH and CSI entered into an Administrative Service Agreement (the "Agreement"), pursuant to which CSI was to provide program administrative services for PCH's liability insurance programs. *Id.* ¶¶ 7-8 and Ex. A (Agreement) at 1. The Agreement, among other things, allegedly required CSI to adhere to certain insurance underwriting guidelines. *Id.* ¶ 16 and Ex. A (Agreement) at ¶ 2.

On January 22, 2008, PCH filed a four-count complaint against CSI in the Superior Court for the District of Columbia (Case No. 08-00499). *See* Compl., Docket No. [1-4]. The four counts may be summarized as follows:

- **Count I (Breach of Contract):** In Count I, PCH alleges that CSI failed to issue, or failed to issue in a timely manner, insurance policies in violation of the Agreement. Compl. ¶¶ 22-25.

- **Count II (Breach of Contract):** In Count II, PCH alleges that CSI's failure to be properly licensed as a broker in the District of Columbia or as a non-resident insurance producer was in breach of CSI's contractual obligation under the Agreement to observe all applicable laws and regulations in the performance of its services. Compl. ¶¶ 26-30.

- **Count III (Breach of Fiduciary Duty):** In Count III, PCH alleges that CSI breached the fiduciary duties it owed to PCH by, among other things, engaging in self-dealing and wrongfully diverting funds from PCH by placing insurance premiums it collected in interest bearing accounts and retaining all interest earned. Compl. ¶¶ 31-35.

- **Count IV (Unjust Enrichment):** In Count IV, PCH alleges that CSI has been unjustly enriched by wrongfully diverting funds from PCH as described immediately above. Compl. ¶¶ 36-39.

On February 19, 2008, CSI removed the case to this Court, and, on February 25, 2008, filed an Answer to the Complaint. *See* Def.'s Not. of Removal, Docket No. [1]; Answer, Docket No. [4]. On March 7, 2008, CSI filed a Motion to Compel Arbitration and Stay Proceedings. *See* Def.'s Mot. to Compel Arbitration and Stay Proceedings, Docket No. [8]. The Court temporarily stayed discovery related to the merits of litigation and, after resolving certain motion practice and conducting a bench trial on the threshold question of the arbitrability of the parties' dispute, this Court denied CSI's Motion to Compel Arbitration and Stay Proceedings. *See* Order (Aug. 5, 2008), Docket No. [29]; Order (Nov. 15, 2010), Docket No. [64].

On October 14, 2010, while CSI's Motion to Compel Arbitration and Stay Proceedings

was still outstanding, PCH filed the present Motion to Amend. *See* Pl.'s Mot. for Leave to Amend Complaint ("Pl.'s Mot. to Amend"), Docket No. [62]. Included with PCH's Motion was a Proposed First Amended Complaint. *See* Pl.'s Proposed First Am. Compl. ("Am. Compl."), Docket No. [62-1]. CSI filed papers in opposition on October 28, 2010. *See* Def.'s Opp'n to Pl.'s Mot. for Leave to Amend Compl. ("Def.'s Opp'n"), Docket No. [63]. PCH's deadline to file a memorandum in reply has long since passed. As of the date of this Memorandum Opinion, the docket reflects that no such papers have been filed. Accordingly, this matter is now fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleadings once as a matter of course within twenty-one days after service or within twenty-one days after service of a responsive pleading. Where, as here, a party seeks to amend its pleadings outside that time period, they may do so only with the opposing party's written consent or the district court's leave. Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend a complaint is within the discretion of the district court, but leave "should be freely given unless there is a good reason, such as futility, to the contrary." *Willoughby v. Potomac Elec. Power Co.,* 100 F.3d 999, 1003 (D.C. Cir. 1996), *cert. denied*, 520 U.S. 1197 (1997); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

3

amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"). With these principles in mind, the Court turns to PCH's Motion to Amend.

## III. DISCUSSION

Through the present Motion to Amend, PCH seeks leave to add a fifth count (and supporting allegations) to the Complaint to address CSI's alleged failure to comply with insurance underwriting guidelines in violation of the parties' Agreement. *See* Am. Compl. ¶¶ 16, 19-23, 28-29, 48-57. More specifically, PCH contends that those underwriting guidelines required PCH to limit the insurance policies it issued to "claims made," but that CSI in fact issued policies containing "occurrence based" endorsements, which has resulted in PCH having to defend and indemnify claims it otherwise would have denied. Pl.'s Mot. to Amend ¶ 3; Am. Compl. ¶¶ 21-22, 53. CSI's tenders several arguments in opposition to the present Motion, none of which are of any avail. The Court considers each in turn.

CSI first argues that permitting PCH to amend its Complaint "would add further insult to injury as regards CSI's contractual expectancy for arbitration." Def.'s Opp'n ¶ 8. Even crediting CSI's dubious argument that an unresolved motion to compel arbitration could constitute grounds for denying leave to amend outright, the Court has separately found that CSI has failed to meet its burden of establishing the existence of a mandatory agreement to arbitrate between the parties. *See* Findings of Fact and Conclusions of Law (Nov. 15, 2010), Docket No. [65]. As such, CSI's first argument fails *ipso facto*.

CSI next contends that PCH's Motion to Amend "contravenes the spirit, if not the letter" of this Court's Order temporarily staying discovery related to the merits pending resolution of CSI's Motion to Compel Arbitration. Def.'s Opp'n ¶ 8. The short answer is that it does neither.

4

Through the present Motion to Amend, PCH has simply sought to preserve its right to raise an additional claim in this action; while this may have some future impact on the scope of discovery, it does not now.

As a third and final argument, CSI baldly asserts that "PCH's averred rationals [sic] for the subject, contemplated amendment is [sic] pretextual and meritless, and appears [sic] calculated to be a multiplication of the instant litigation in retaliation" for CSI having commenced a separate, related action against another entity. Def.'s Opp'n ¶ 8. To the extent CSI intends to assert that the proposed amendment would be futile, it has failed to demonstrate that the proposed amendment "merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." *Adair v. Johnson*, 216 F.R.D. 183, 186 (D.D.C. 2003). For obvious reasons, CSI's mere *ipse dixit*, unaccompanied by legal argument or citation to relevant authority, falls woefully short of this standard, and the Court's independent review of the new allegations raises no concern that amendment is demonstrably futile. Indeed, CSI's own submissions suggest that its defenses go to the merits of PCH's claim and not the legal sufficiency thereof. *See* Def.'s Opp'n Ex. B (Mar. 25, 2010 Ltr. from J. Drennan to R. Myers) (claiming that the policies issued by CSI were "claims made" and not "occurrence based" policies) and Ex. C (May 4, 2010 Ltr. from J. Drennan to R. Myers) (claiming that responsibility for terms of coverage rested with an entity other than CSI). Meanwhile, to the extent CSI intends to assert that the amendment is proposed in bad faith, it has similarly proffered no basis in law or in fact for the Court to so conclude.

Although CSI also claims that "the confluence of the foregoing factors constitute

prejudice," it is mistaken. An opposing party may establish sufficient prejudice to warrant the denial of leave to amend by showing that the amendment bears only a tangential relationship to the complaint or changes the character of the litigation, or that the proposed amendment would unfairly disadvantage or deprive the opposing party of the opportunity to present facts or evidence which would have been offered had the amendments been timely. *Adair*, 216 F.R.D. at 186. The proposed amendment at issue here relates to a claim arising out of the same contract implicated in the other causes of action and, as PCH correctly notes, discovery related to the merits has not even commenced. Pl.'s Mot. to Amend ¶ 9. There is therefore no basis to conclude that CSI would be unfairly prejudiced were it required to defend against the additional claim.

Finally, although not expressly raised by CSI in opposition, the Court pauses to note that there is no basis in the record to find that PCH unduly delayed raising the new claim. Although the two insurance policies specifically supporting PCH's new claim were apparently issued in the fall of 2007, several months prior to the filing of the Complaint, Am. Compl. ¶ 20, PCH alleges that it was not until March and December 2009, or more than a year after it first filed the Complaint, that it became obligated to defend and indemnify policyholders as a result of CSI's alleged improper issuance of policies. Pl.'s Mot. to Amend ¶¶ 4-5; Am. Compl. ¶¶ 28- 29. PCH's averment that it only learned of the alleged improper issuance of policies in the time intervening since it first filed the Complaint is unrebutted. Pl.'s Mot. to Amend ¶ 1. The Court observes that the Federal Rules of Civil Procedure do not prescribe a time limit on motions for leave to amend, and "a court should not deny leave to amend based solely on [the] time elapsed between the filing of the complaint and the request for leave to amend." *Adair*, 216 F.R.D. at

186; *see also In re Vitamins Antitrust Litig.*, 217 F.R.D. 34, 38 (D.D.C. 2003) ("lack of diligence alone does not serve as sufficient justification" for denying leave to amend). With no basis on the record to hold to the contrary, the Court finds that CSI has not unduly delayed in bringing the present Motion to Amend.

## IV. CONCLUSION

The Court has considered the remaining arguments tendered by the parties and has concluded that they are without merit. Accordingly, for the foregoing reasons, the Court shall GRANT PCH's [62] Motion for Leave to Amend Complaint. An appropriate Order accompanies this Memorandum Opinion.

Date: November 15, 2010

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge